# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| PAMELA R. GILMAN § | |
| § | |
| v. § | |
| § | |
| SHELLPOINT MORTGAGE § | CIVIL ACTION NO. 3:22-CV-1283-S-BT |
| SERVICING § | |
| § | |
| v. § | |
| § | |
| EUGENE S. GARZA § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Shellpoint Mortgage Servicing's Motion for Default Judgment against Third-Party Defendant Eugene S. Garza ("Motion") [ECF No. 76] and Brief Supporting Default Judgment ("Shellpoint's Brief") [ECF No. 77]. For the reasons set forth below, the Court **GRANTS** the Motion.

### I. BACKGROUND

The Court and the parties are at this point familiar with the facts of this case. *See* Findings, Conclusions, and Recommendation ("FCR") [ECF No. 71] (recommending that the Court grant Defendant Shellpoint Mortgage Servicing's Motion for Summary Judgment on Plaintiff Pamela R. Gilman's claims and Shellpoint's counterclaim); Order Accepting FCR [ECF No. 73]. Gilman and third-party Defendant Eugene S. Garza purchased a home in Dallas ("Property") in 2006 with the proceeds of a loan from Blue Star Financial Inc. ("Loan"). Shellpoint's Br. ¶ 2. Gilman and Garza executed an adjustable-rate note ("Note") promising to repay the loan plus interest and a Deed of Trust ("DOT") securing their repayment of the Note with a lien against the Property. *Id.* Shellpoint became the servicer of the loan in early 2020. *Id.* ¶ 4.

Gilman and Garza defaulted on their regular repayment obligations in or around July or August 2019. *Id.* ¶ 5. The loan servicer at the time, Bank of America, sent Gilman and Garza a letter on August 26, 2019, notifying them of the default and explaining (1) how to bring the loan current, (2) that failure to bring the loan current would result in acceleration and foreclosure, and (3) that foreclosure avoidance options may be available. *Id.* ¶ 7. However, Gilman and Garza did not cure the default. *Id.* Shellpoint, now the servicer of the loan, notified Gilman and Garza through its attorneys that the Note had been fully accelerated and the Property would be sold at foreclosure. FCR 2. After the first scheduled foreclosure sale was cancelled due to the COVID-19 pandemic, Gilman initiated this lawsuit in Texas state court to halt the rescheduled foreclosure. *See id.* at 2-3. Gilman sued Shellpoint for breach of contract and negligent misrepresentation, and the Texas state court granted her application for a temporary restraining order enjoining the foreclosure of the Property. *See* Notice of Removal, Ex. 1 [ECF No. 1-1] 3-4, 7.

Shellpoint then removed the action to federal court. After taking discovery, Shellpoint moved for summary judgment on Gilman's claims for breach of contract and negligent misrepresentation and Shellpoint's counterclaim that it is entitled to non-judicially foreclose on the Property under the terms of the DOT. *See* ECF No. 57. The Court accepted the Magistrate Judge's recommendation that Shellpoint be granted summary judgment on all claims. *See* Order Accepting FCR.

Garza, however, has never appeared in this lawsuit.[1] After several unsuccessful attempts to personally serve Garza at the Property, Shellpoint moved for substituted service. *See* ECF

---

[1] Shellpoint added Garza as a necessary third-party Defendant in its Second Amended Answer, bringing counterclaims against Gilman and third-party claims against Garza for a judgment allowing non-judicial foreclosure, or in the alternative, an order authorizing judicial foreclosure. *See* Second Am. Answer [ECF No. 11] 5, 10-11.

2

No. 18. The Court granted the motion, concluding that the Property was Garza's usual place of abode and the place where Garza could probably be found and authorizing service of process by leaving a true copy of the summons along with a true copy of Shellpoint's first amended counterclaims and third-party claims with anyone over the age of sixteen at the Property, or failing that, by securely affixing the summons and amended counterclaims and third-party claims in a waterproof envelope or wrapper to the front door of the Property. *See* Order [ECF No. 19]. Shellpoint did so on September 21, 2022, *see* ECF No. 20, and when Garza still did not answer Shellpoint's third-party claims or otherwise appear, the Clerk entered default as to Garza on October 21, 2022, *see* ECF No. 23.

After the Court granted Shellpoint's Motion for Summary Judgment, it alerted Shellpoint that the Court could not enter a final judgment as to all parties in this case until Shellpoint sought a judgment against Garza. *See* ECF No. 74. The Court therefore ordered Shellpoint to move for a default judgment against Garza or risk dismissal of the third-party claims against him. *Id.* Shellpoint filed the instant Motion on March 8, 2024. The Motion is ready for a determination.[2]

## II. LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." FED. R. CIV. P. 55(a). When a default has been entered, the factual allegations of the complaint are taken as true. *United States ex rel. M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *Au*

---

[2] Neither Garza nor Gilman filed a response to the Motion; although Gilman filed a "Reply" to the Court's order directing Shellpoint to move for a default judgment against Garza. *See* ECF No. 75. In the Reply, Gilman reasserts many of the arguments she has made throughout this litigation. *See id.* at 3-4. She states that "Garza has not resided at the [Property] since 2016" and that "[f]urther pursuit of . . . Garza will not alter the standing in the case." *Id.* at 3. However, Gilman failed to deny Shellpoint's allegation that Garza may be served with process at the Property. *See* Gilman's Answer to Shellpoint's Original Countercls. [ECF No. 16]. And in the Reply, Gilman acknowledges that Garza's alleged absence from the Property "does not exempt him from responsibility to a signed loan document." Reply 3.

*Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2nd Cir. 1981); *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Once default has been entered, the Court may enter a default judgment against the defaulting defendant upon the plaintiff's motion. FED. R. CIV. P. 55(b)(2). Whether to enter default judgment is within the sound discretion of the Court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) ("[T]he entry of default judgment is committed to the discretion of the district judge." (citation omitted)). "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (citation omitted). Default judgments are "disfavored," and there is "a strong policy in favor of decisions on the merits and against resolution of cases through default judgments." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (citation omitted). To determine whether to enter default judgment, the Court conducts a two-part analysis.

First, the Court examines whether a default judgment is appropriate under the circumstances, considering factors including: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the Court would feel obligated to set aside a default on the defendant's motion. *Id.* (citing 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2685 (2d ed. 1983)).

Second, the Court assesses the merits of a plaintiff's claims to determine whether a sufficient basis exists in the pleadings for the judgment. *See Nishimatsu Constr.*, 515 F.2d at 1206. Although a defendant may be in default, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* However, "the requisite threshold for pleading

sufficiency is lower on a motion for default judgment than on a motion to dismiss." *Edmond v. Marathon Petroleum Co.*, No. EP-20-CV-00210-DCG, 2021 WL 619503, at *7 (W.D. Tex. Feb. 17, 2021) (citing *Nishimatsu Constr.*, 515 F.2d at 1206).

### III. ANALYSIS

The Court grants default judgment against Garza because default judgment is appropriate under the circumstances and a sufficient basis for the judgment exists in the pleadings.

First, default judgment is appropriate under the circumstances based on the *Lindsey* considerations because the Court concludes: (1) there exists no dispute of material fact because Garza did not file a responsive pleading; (2) there is no substantial prejudice because Garza has failed to participate in these proceedings; (3) the grounds for default are clearly established, as Garza has been properly notified of this lawsuit, the Clerk has entered a default against him, and Garza has failed to appear or participate in the litigation; (4) there is no reason to believe Garza's failure to respond was caused by a good faith mistake or excusable neglect since he was served approximately 18 months ago; (5) the default judgment would not be unduly harsh because it would merely allow the remedies prescribed by the Note and DOT executed by Garza and Gilman, which the Court has already authorized as to Gilman; and (6) the Court is aware of no reason why it would feel obligated to set aside a default judgment against Garza. *Lindsey*, 161 F.3d at 893.

Second, the Court concludes that a sufficient basis exists in the pleadings to enter a default judgment against Garza. In Texas, a party seeking to foreclose on real property secured by a security instrument with a power of sale has the option to sell property in a non-judicial foreclosure in accordance with the powers expressly granted in a deed of trust. *Summers v. Liberty Sav. Bank, FSB*, No. 3:19-CV-2205-M-BH, 2021 WL 1240788, at *12 (N.D. Tex. Mar. 8, 2021) (citation omitted), *report and recommendation adopted by* 2021 WL 1237128 (N.D. Tex. Apr. 2, 2021).

Shellpoint seeks to foreclose on Garza's interest in the Property under the terms of the DOT. *See* Shellpoint's Br. 5-6. Prior to foreclosing under a deed of trust, there must be evidence that a notice of default, acceleration, and foreclosure were issued in accordance with Texas statutory requirements. TEX. PROP. CODE § 51.002; *Summers*, 2021 WL 1240788, at *12 (citation omitted). The Note and the DOT, signed by Garza, appear in the record and allow for Shellpoint to exercise power of sale in the event of default. *See* MSJ App., Exs. A-2 & A-3 [ECF No. 59]. Garza defaulted on the Note. The Court has already concluded that there is no genuine issue of material fact that Shellpoint properly served notice of default, acceleration, and foreclosure to Gilman, and the record also reflects that Shellpoint served proper notice to Garza as required by Texas law. *See id.* at Ex. A-7 (notice of default and intent to accelerate addressed to both Garza and Gilman at the Property); Ex. A-8 (notice of acceleration addressed to both Garza and Gilman at the Property). Moreover, Garza is not a minor, incompetent, or entitled to relief under the Servicemembers Civil Relief Act. *See* FED. R. CIV. P. 55(b)(2); 50 U.S.C. § 3931; ECF No. 21. Therefore, the record establishes that a default judgment against Garza is substantively warranted.

As to the appropriate relief, Shellpoint is entitled to enforce its lien against the Property through a non-judicial foreclosure of the Property as provided by the DOT and Texas Property Code § 51.002. *Rike v. PHH Mortg. Servs.*, No. 3:22-CV-1530-S-BK, 2023 WL 6138549, at *3 (N.D. Tex. Aug. 23, 2023), *report and recommendation adopted by* 2023 WL 6299843 (N.D. Tex. Sept. 26, 2023). As previously determined, *see* FCR 15-20; Order Accepting FCR, Shellpoint is also entitled to recover $31,946.50 in attorneys' fees, plus $1,138.72 in costs, incurred to litigate its claims in this action.

## IV. CONCLUSION

For the foregoing reasons, Shellpoint's Motion for Default Judgment against Third-Party Defendant Eugene S. Garza [ECF No. 76] is **GRANTED**. The Court will enter a final judgment permitting Shellpoint to proceed with nonjudicial foreclosure on the Property under the DOT and entitling Shellpoint to an award of attorney's fees and costs.

**SO ORDERED.**

SIGNED April 12, 2024.

UNITED STATES DISTRICT JUDGE